**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MALGORZATA OLSZEWSKA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No.: 11-CV-08678** |
| v. ) | **Judge Lindberg** |
| ) | **Magistrate Judge Schenkier** |
| **MOUNTAIN SPORTS OUTLET, INC.,** a ) | |
| corporation, **GIRO SPORT DESIGN** ) | |
| **INTERNATIONAL, INC.,** a corporation, and ) | |
| **GSD LIQUIDATION, INC.,** a corporation, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT SSI VENTURE LLC'S
MOTION TO DISMISS PURSUANT FRCP 12(B)(2)**

NOW COMES Defendant, SSI Venture LLC, incorrectly sued herein as Mountain Sports Outlet, by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, and for its Memorandum of Law in Support of its Motion to Dismiss pursuant FRCP 12(b)(2) for want of personal jurisdiction states as follows:

## I. STATEMENT OF CASE

Plaintiff commenced this product liability action to recover damages for personal injuries she allegedly sustained while snowboarding "at the Buttermilk Ski Resort in Aspen, Colorado" on December 29, 2010. (Compl. Count I, ¶ 8.) According to her complaint, she was using a Giro skiing/snowboarding helmet at the time of her injury. (*Id.* at ¶ 9.) She acknowledges that she purchased the helmet from a Mountain Sports Outlet store located not in Illinois, but in Glenwood Springs, Colorado. (*Id.* at Count IV, ¶ 3.) She alleges her injury occurred in

Colorado when "she was caused to fall, at which point" the Giro helmet purchased in Colorado "made contact with the ground." (*Id.* at Count I, ¶ 9.) Her multiple count complaint includes product liability claims predicated on the sale of the helmet in Glenwood Springs, Colorado, and the subsequent injury that occurred in Aspen, Colorado. (*See* Pl.'s Compl.Counts I-V.) Though the sale of the Giro helmet and alleged injury involving the helmet both occurred in Colorado, plaintiff commenced this action in the Circuit Court of Cook County, Illinois, whereupon it was removed to this Court by defendant Giro Sport Design International, Inc.

SSI Venture LLC ("SSI") is a Colorado Limited Liability Company. (Ketan Jobanputra Decl. ¶ 2.) SSI operates the Mountain Sports Outlet store in Glenwood Springs, Colorado. (*Id.* at 2.) SSI operates other ski and sports shops in Colorado, Nevada, Utah, and California, selling and renting ski and sports equipment at the retail level. (*Id.* at 3.) SSI, with its operations in Colorado, Nevada, Utah, and California, lacks any contacts with Illinois. (*Id.* at 3-7.) SSI does not operate any ski or sports shops or conduct any other business in Illinois. (Id. at 5.) Moreover, SSI is not licensed to do business in Illinois; and does not have any employees or property in Illinois. (*Id.* at 4.)

SSI now moves to dismiss plaintiff's complaint as against it pursuant to FRCP 12(b)(2). As it is more fully discussed below, because SSI does not do business in Illinois, and does not have any other continual or systematic presence in Illinois, this Court lacks personal jurisdiction over SSI in this product liability action involving a helmet plaintiff purchased in Colorado and subsequent accident that occurred in Colorado.

## II. ARGUMENT

The plaintiff bears the burden of demonstrating personal jurisdiction over the defendant. *Purdue Research Found v. Sanofi-Synthelabo*, S.A., 338 F.3d 773 (7th Cir. 2003). In a diversity case, a federal district court may only exercise personal jurisdiction "if the state in which it sits would have personal jurisdiction over the defendant." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Under Illinois law, the state statutory and federal constitutional requirements for the exercise of jurisdiction "merge." *Ubid, Inc. v. The Godaddy Group*, Inc, 623 F.3d 421, 425 (7th Cir. 2010). Thus, pursuant to the Illinois long arm statute, a court may exercise jurisdiction over a non-resident defendant provided that the exercise of jurisdiction comports with the requirements of the Constitution of the United States. *Id.; see also Dickie v. Cannondale Corp.*, 388 Ill. App.3d 903, 906 (2009).

The Due Process Clause of the Fourteenth Amendment limits a court's authority to exercise jurisdiction over a defendant. *Shaffer v. Hietner*, 433 U.S. 186, 207, 97 S. Ct. 2569 (1977). Due process demands that the nonresident defendant must "have certain minimum contacts with the [forum] such that the maintenance of the suit does not offend 'traditional notions of fairplay and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945). "This limitation allows potential defendants to structure their contacts with different forums so as to plan where their business activities will and will not render them liable to suit." *Jennings*, 383 F.3d at 549.

"Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *Ubid*, 623 F.3d  As discussed below, in this case, the exercise of either general or specific jurisdiction would violate the Due Process Clause of the

Fourteenth Amendment, entitling SSI to an order dismissing plaintiff's complaint against it for want of personal jurisdiction.

### A.  This Court lacks general jurisdiction over SSI.

Last year, the Supreme Court clarified the rules governing the exercise of general jurisdiction in *Goodyear Dunlop Tires Operations v. Brown,* __ U.S. __, 131 S.Ct. 2846 (2011). The plaintiffs' decedents in *Goodyear Dunlop* were killed in a bus accident outside of Paris, France. *Id.* at 2850. The plaintiffs claimed that the accident was a result of a defective tire manufactured in Turkey by a foreign subsidiary of the Goodyear Tire and Rubber Company ("Goodyear USA"). *Id.* The plaintiffs sued in North Carolina Goodyear USA and "three of its subsidiaries, organized and operating, respectively in Turkey, France, and Luxembourg." *Id.* The plaintiffs predicated the claim of general jurisdiction over the foreign Goodyear USA subsidiaries on the fact that "some of the tires made abroad by Goodyear's foreign subsidiaries . . . had reached North Carolina through the stream of commerce." *Id.* at 2851. Reversing the North Carolina Supreme Court, the Supreme Court rejected this claim, holding that a "connection so limited between the forum and the foreign corporation . . . is an inadequate basis for the exercise of general jurisdiction." *Id.*

In reaching its holding, the Supreme Court contrasted general jurisdiction with specific jurisdiction. As the Supreme Court explained, specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State." *Id.* Single or occasional acts which may be sufficient to exercise specific jurisdiction over controversies "with respect to those acts," are not sufficient to render a

foreign corporation answerable with "with respect to matters unrelated to forum connections." *Id.* at 2853, 2856 ("A corporation's 'continuous activity of some sorts within a state,' *International Shoe* instructed, 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"). Rather, the more demanding standard required to establish sufficient minimum contacts for the exercise of general jurisdiction requires proof that the defendants affiliations with the forum State "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 2851.

SSI is "in no sense at home" in Illinois. *Id.* at 2857. Indeed, SSI's contacts with the forum are even more wanting than those found insufficient for the exercise of general jurisdiction in *Goodyear Dunlop* because it has no contacts with Illinois at all. SSI is a Colorado limited liability Company. It operates ski and sports shops in Colorado, Nevada, Utah, and California. It sells and rents equipment at the retail level from its shops. Thus, by the nature of its retail business in a geographic area limited to Colorado, Nevada, Utah, and California, it does not do business in Illinois. To be sure, as set forth in the accompanying declaration of Ketan Jobanputra, SSI does not have any operations, property, or employees in Illinois. Because SSI lacks contacts with Illinois let alone the type continual and systematic contacts necessary for the exercise of general jurisdiction, this Court cannot exercise general jurisdiction over SSI.

### B. *This court lacks specific jurisdiction over SSI.*

The issue of specific jurisdiction can be dealt with in short order since, as alleged in her complaint, plaintiff purchased the Giro helmet in Colorado, and her incident and injuries occurred in Colorado. Under the rules governing specific jurisdiction, these facts standing alone preclude the exercise of specific jurisdiction over SSI.

The requirement for establishing specific jurisdiction is twofold. The defendant "must purposefully avail itself of the privilege of conducting activies in the forum state." *McIntyre Machinery, LTD. V. Nicastro*, __ U.S. __, 131 S.Ct. 2780, 2788 (2011). Next, as noted above, the suit must arise from the contacts with the forum. *Id*. at 2787; *see also Goodyear Dunlop*, 131 S.Ct.at 2854. In other words, only "submission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum'" *McIntyre Machinery*, 131 S.Ct. at 2788.

Under the doctrine of specific jurisdiction, both requirements must be met - - minimum contacts and a cause of action arising out of the minimum contacts. *Id*; *see also Goodyear Dunlop, supra*. Plaintiff cannot meet either requirement. First, SSI did not purposefully avail itself to conducting activities in Illinois. On the contrary, it operates retail level ski and sports shops in Colorado, Nevada, Utah, and California, and does no business in Illinois.

Second, assuming for the sake of argument SSI had some contact with Illinois, plaintiff's product liability claims do not arise from those contacts. As she admitted in her complaint, she bought the helmet at issue from SSI's Mountain Sports Outlet in Glenwood Springs, Colorado, and her accident and injury involving the helmet subsequently occurred in Aspen, Colorado. These facts preclude the exercise of specific jurisdiction over SSI. *See Goodyear Dunlop*, 131 S. Ct. at 2851 ("Because the episode-in-suit, the bus accident, occurred in France, and the tire alleged to have caused the accident was manufactured and sold abroad, North Carolina courts lacked specific jurisdiction to adjudicate the controversy.")

## III. CONCLUSION

Because SSI does not have the minimum contacts with Illinois required by the Due Process Clause, plaintiff's complaint as against it should be dismissed for want of personal jurisdiction.

>Respectfully submitted,
>
>PRETZEL & STOUFFER, Chartered
>
>By: s/ Scott L. Anderson
>Scott L. Anderson, Attorneys for SSI Venture LLC

Edward H. Nielsen (IL Bar No. 2052296)
Scott L. Anderson (IL Bar No. 6269332)
PRETZEL & STOUFFER, Chartered
1 South Wacker Drive, Suite 2500
Chicago, IL 60606
312-346-1973

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the Motion to Dismiss pursuant FRCP 12(b)(2) was filed electronically this 23rd day of February, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by U.S. Mail (only where indicated below). Parties may access this filing through the Court's electronic system.

| | |
|---|---|
| Gary William Klages | Brian W. Bell |
| Law Office of Daniel Goodman, LLC | Mario M. Iveljic |
| 9701 West Higgins Road, Suite 601 | Swanson, Martin & Bell, LLP |
| Rosemont, IL 60018 | 330 North Wabash, Suite 3300 |
| Gary@danielgoodmanlaw.com | Chicago, IL 60611 |
| | bbell@smbtrials.com |
| | miveljic@smbtrials.com |

                                                                    s/ Scott L. Anderson
Scott L. Anderson (IL Bar No. 6269332)
Pretzel & Stouffer, Chartered
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone:    (312) 346-1973
Fax:            (312) 346-8242
E-Mail: sanderson@pretzel-stouffer.com
*Attorneys for Defendant – SSI Venture LLC, incorrectly sued as Mountain Sports Outlet, Inc*